Price, J.
The defendant in error was tried before the mayor of Canfield on a charge of violating one of the ordinances of the village, and on conviction was adjudged to pay a substantial fine and the-costs of the prosecution.' He took a bill of exceptions, and applied to the court of common pleas for leave to file a petition in error in that court to obtain a reversal of the judgment of the mayor. On consideration of the petition in error and bill of exceptions, the court of common pleas refused leave to file the petition in error.
*45 Is such refusal reviewable on error in the circuit court ? That is the question presented to us by the record. A majority of that court has held that it is reviewable, and its published opinion is found in Circuit Court Reports, volume 24, page 555.
In the absence of a brief for defendant in error, we have examined the reasons advanced for the holding made by the majority, and in our judgment they are not sound.
The right to prosecute error to a judgment of a • court is purely statutory, and if such remedy is not provided by statute, none exists. Moreover, where the statute provides the right of review on error, it may fix such conditions to its exercise as the legislature, in its wisdom, may adopt. The municipal code provides for trials before the mayor and the procedure whereby a conviction for violation of a municipal ordinance may be reviewed in a higher court.. It is found in section 1752, Revised Statutes, as follows: “ * # * ‘ a conviction under an ordinance of any municipal corporation may be reviewed by petition in error, in the same manner and to the same extent as-was heretofore permitted on writs of error and certiorari, and the judgment of affirmance or reversal may be reviewed in the same manner; and for this purpose a bill of exceptions may be taken, or a statement of facts embodied in the record on the application of any party; but no such petition shall be filed except on leave of the court or a judge thereof, and such court or judge has power to suspend the sentence, as in criminal cases.”
We need not look far for a reason for this provision of our municipal code, restricting the right to file petitions in error, and which does not exist in the general practice statutes regulating proceedings1 in *46 error. Municipal councils are authorized to pass ordinances for the preservation of order and the protection of the people within their jurisdiction. Ample means for a fair trial of one who is charged with violating an ordinance, are provided, and if the convicted party feels aggrieved over the result of his trial, he may apply to the court of common pleas or a judge thereof for leave to file a petition in error to review the proceedings and judgment of the mayor. If the court or judge thereof, presumed to he learned in the law, is of opinion that there is no merit in the application, leave is refused and the case does not reach the docket of that court.
Evidently the legislature intended to provide a summary method of disposing of applications which exhibit no merit, and prevent the accumulation of cases in the common pleas, some for delay merely, perhaps, or having no substantial grounds for reversal. This legislative provision is made special for the review of cases of conviction for violation of ordinances of municipal corporations, and according to well settled rules of construction, should and does prevail over the general statutes for the review of judgments of inferior courts or tribunals.
These general provisions seemingly relied upon by the lower court are sections 7356 and 6709, Revised Statutes. The former provides that, “in any criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court.”
No doubt such case may be reviewed in the common pleas court, but the provision does not pretend to modify section 1752, which prohibits the filing of *47 a petition in error in that court to review a conviction for violation of an ordinance except on leave of the court or a judge thereof. The common pleas may acquire and have jurisdiction in such case, or it may refuse to let the case be filed. The power to review is complete in any case of which the court of common pleas acquires jurisdiction according to the rule prescribed in section 1752, Revised Statutes.
So with section 6709 referred to. “A judgment rendered or final order made by any court of common pleas, or a judge thereof may be reversed, vacated or modified by the circuit court of the county wherein such court of common pleas is located, for errors appearing upon the record.” This section conferring jurisdiction on the circuit court, assumes a case filed, prosecuted and disposed of in the court of common pleas, or before a judge thereof, where the errors, if any, appear of record. It does not contemplate a case which was never filed in the court of common pleas for want of leave to enter that court, of which no record is required to be kept.
It may be urged, that if the foregoing sections do not cover the case, authority for the holding of the circuit court is found in section 6707, Revised Statutes, which provides: “An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, * * * is a final order which may be vacated, modified, or reversed, as provided in this title. ’’
It will not be claimed that the refusal of leave to file a petition in error in the case at bar, is an order of the common pleas court made in an action, be *48 cause the application for leave was not an action, and the refusal of leave was not made in any action.
Was such refusal “an order affecting a substantial right made in a special proceeding,” under section 6707, Revised Statutes?
The circuit court decided in the affirmative and justifies its decision on that view of the section. But is the position sound as applied to this case?
The application for leave to file a petition in error, cannot be dignified with the name of a proceeding, special or otherwise. The term “special proceeding” is sometimes defined as a proceeding in a court which was not, under the common law and equity practice, either an action at law or a suit in chancery. The term is used in code states in contradistinction ‘>to “ action. ’ ’ Encyclopedia of Pleading and Practice, Yol. 1, p. 112.
The defendant in error sought to institute a proceeding. He could do so only upon leave of the common pleas court or a judge thereof. The asking leave is not a special proceeding, and does not become such until the door of the court is opened for its entrance. The application may be made to a judge of the court in or out of vacation. It is not entitled to a place on any docket until the leave is granted. We think it entirely clear that such application is not a special proceeding, but a request for leave to file a proceeding to review' the judgment of the mayor.
If the circuit court is right in its judgment the bar provided by section 1752, Revised Statutes, is useless, and its repeal should be recommended, because if the refusal of leave to file is reviewable in the circuit court, it would be as well perhaps, that there be no restriction on the remedy of prosecuting error *49 from the mayor’s court, so that all cases for the violation of municipal ordinances may be filed in the common pleas court without let or hindrance.
But we are convinced that such is not the policy of our law upon the subject, to the end that the punishment of offenders against municipal ordinances, may be summary, and that some merit in the errors assigned against the mayor must be shown to' the court of common pleas or judge thereof before a case for review reaches a place on the docket of that court, and it was entirely competent for the legislature to say, as we think it has said, that unless leave to file proceedings in error is granted, the case shall end. This construction of section 1752, Revised Statutes, was adopted in Carroll v. O’Conner, 25 Ohio St., 617, and in Rothwell v. Winterstein, 42 Ohio St., 249, where similar provisions were under consideration.
The judgment of the circuit court is reversed, and the petition in error filed in the circuit court is dismissed.

Judgment reversed.

Spear, O. J., Davis, Shauck, Crew and Summers, JJ., concur.